IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Samuel Davis,<br><br>                 Plaintiff,<br><br>   vs.<br><br>South Carolina Department of Transportation,<br><br>                 Defendant. | Civil Action No. 3:20-cv-851-CMC<br><br>**ORDER** |

      This matter is before the court on Plaintiff's Complaint alleging he tripped on a pothole as a result of the Department of Transportation's[1] failure to pave the road on which he fell. ECF No. 1. He alleges this caused a tear of his medial and lateral menisci, and requests damages and an order that Defendant pave the subject road. *Id.*

      In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On March 2, 2020, the Magistrate Judge issued a Report recommending this matter be summarily dismissed without prejudice and without issuance and service of process due to lack of federal jurisdiction. ECF No. 9. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections on March 17, 2020, and a supplement on March 18, 2020. ECF Nos. 18, 19.

---

[1] In his Complaint, Plaintiff identified the "South Carolina Deptment of Transpatation, 512 Fair St Camden SC 29020" as the Defendant. ECF No. 1 at 1. It is clear this reference is to the South Carolina Department of Transportation, which has an office at that address in Camden. Therefore, the South Carolina Department of Transportation shall be substituted as the proper Defendant.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

The Report recommends Plaintiff's federal claims be dismissed because federal jurisdiction is lacking, as there is not complete diversity and the Complaint does not allege a claim arising under the Constitution or federal statutes. ECF No. 9 at 5. Plaintiff has filed objections, arguing his case should be heard as he does not believe he will have the opportunity for a jury trial in state court. ECF No. 18 at 2. He quotes portions of the Constitution, and has also attached an article about potholes in roads and what appears to be a copy of a photograph of the road. *Id.*; ECF No. 19.

The court agrees with the Magistrate Judge that Plaintiff's filings do not reveal a basis for subject matter jurisdiction over his claims, as the parties are not diverse, and this appears to be a simple personal injury matter.

After *de novo* review of the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court adopts and incorporates the Report and Recommendation by reference in this Order. Plaintiff's Complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 23, 2020